WELLS, Justice,
dissenting.
I join in the dissent of Chief Justice Grimes because I believe that there is competent and substantial evidence supporting the findings of fact by the Board of Bar Examiners and that those findings in the aggregate are sufficient to justify nonadmission to The Florida Bar. This is the appropriate test for our review. Florida Board of Bar Examiners re R.B.R., 609 So.2d 1302 (Fla.1992).
*518 As the majority states, J.A.S. s misconduct which resulted in his suspension as a police officer may have stemmed from his addiction problem, and that incident and others specified by the Board are not “recent.” However, violation of the public trust as a police officer by engaging in what J.A.S. admitted was criminal conduct leading to being formally dismissed from the police department is so serious for a person who seeks membership in The Bar that I cannot agree with rejecting the Board’s recommendation. Moreover, his misconduct was not an isolated incident, and the Board was correct in giving aggregate weight to all of the specifications found to be proven. It is the Board that has had J.A.S. before it in person and has that valuable basis upon which to judge his credibility and his rehabilitation. Since the Board, based upon a thorough investigation and an in-the-flesh hearing, has not found that J.A.S. has overcome the substantial obstacle which he created for himself through past misconduct, I do not believe we have a sound basis to substitute our judgment for the Board’s judgment that J.A.S. has failed to demonstrate at this time that he is worthy of the trust of the public as a lawyer in our state.
GRIMES, C.J., concurs.